**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


**KENNETH S. TAYLOR,**                    :        **Case No. 1:05cv2983**
                                          :
                **Plaintiff,**            :        **JUDGE KATHLEEN O'MALLEY**
                                          :
        **v.**                            :
                                          :
**CITY OF CLEVELAND, et al.,**            :
                                          :        **ORDER**
                                          :
                **Defendants.**           :
                                          :


Before the Court is *Defendants' Motion to Strike Pleadings* (Dkt. No. 7) in which Defendants

City of Cleveland ("City") and City police officer Alvin White ("White") ask the Court to strike *pro se*

Plaintiff Kenneth Taylor's Complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

Briefly, that Complaint alleges a variety of federal and state law violations stemming from two

misdemeanor citations issued to Plaintiff by White.  Defendants argue that the Complaint should be

stricken on the basis that it "contains redundant and immaterial allegations, and includes impertinent, and

scandalous allegations which are wholly unrelated" to Plaintiff's purported causes of action.  Defendants

also argue that the Complaint does not provide fair notice of what Plaintiff is alleging.  In response,

Plaintiff argues that the Complaint satisfies the liberal federal pleading requirements, especially in light

of the fact that he is a *pro se* plaintiff.  In addition, Plaintiff indicates that, if necessary, he could amend

1

his Complaint for more clarity and that the amended complaint would likely contain allegations against another City police officer.[1]

Although the Court agrees with Defendants that significant portions of the Complaint are improper and extraneous, enough of the Complaint satisfies the federal pleading requirements such that the Complaint cannot be stricken in its entirety.  In addition, the Defendants have not asked the Court, and the Court is not willing, to undertake the difficult task of striking portions of the Complaint on an interlineation basis.[2]  Defendants' motion is, therefore, **DENIED**.

The Court agrees with Defendants, however, that the Complaint is unclear as to what causes of action Plaintiff alleges, putting Defendants in a difficult position to form a responsive pleading.  In addition, the Court also agrees that many of the allegations directed at individuals not named as defendants are inappropriate.  Plaintiff, accordingly, is **ORDERED** to file an amended Complaint that (1) clarifies his causes of action, and (2) removes any allegations of improper conduct by individuals <u>not</u>

---

[1]     Plaintiff indicated that the allegations against the other police officer, Officer Dickens, are based on incidents separate from the ones alleged in the original Complaint.  Plaintiff, who is black, claims that, since the time when he filed his original Complaint, Officer Dickens twice approached him on a street corner and told him to "find somewhere else to go" while not giving the same direction to white individuals standing nearby.

[2]     The only <u>specific</u> portion of the Complaint that Defendants ask the Court to strike is the portion in which Plaintiff requests punitive damages against the City. Defendants argue that punitive damages against the City are unavailable by statute. Although Defendants' argument appears to have merit, the Court declines to address substantive legal questions in the context of this motion.

named as defendants.[3]  In addition, Plaintiff is cautioned to focus all future filings only on information that is necessary to his claims and to avoid abusive language, invective, or hyperbole.

Plaintiff shall have twenty (20) days from the date he receives notice of this order to file an amended complaint, and Defendants shall then have ten (10) days from the filing of the amended complaint to submit a responsive pleading.  Defendants' time to file any other responsive pleading in this matter will not begin to run until Plaintiff files his amended complaint.

Regarding the clarification of the causes of action, Plaintiff shall separate each cause of action in his amended Complaint by the specific statutory section or common law basis from which the cause of action arises, and he shall provide support for each cause of action.  For example, paragraph 6.14 of the Complaint alleges that certain "actions and/or inactions by the Defendants were based on Mr. Taylor's race and/or color and/or in retaliation for having participated in a protected activity all which is a clear violation of 42 U.S.C. 1985, 1986, 1982, 1981, 1983, 1988." To the extent Plaintiff wishes to maintain a cause of action arising under each of those sections of Title 42, he must separate each into a separate cause of action, identify the applicable subsection if appropriate, and provide supportive allegations for each claim.  In addition, regarding Plaintiff's Fourth Cause of Action for "Ohio Race and Retaliation Discrimination O.R.C. 4112.99," Plaintiff must identify which specific section(s) of O.R.C. 4112 that he alleges Defendants have violated, keeping in mind that much of O.R.C. 4112 pertains to

---

[3]     Although Defendants move to strike pursuant to Fed. R. Civ. P. 12(f)  rather than for a more definite statement pursuant to Fed. R. Civ. P. 12(e), the Court may, *sua sponte*, order Plaintiff to file an amended complaint that clarifies his claims.  *See Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001) ("[I]f, in the face of a shotgun complaint, the defendant does not move the district court to require a more definite statement, the court, in the exercise of its inherent power, must intervene *sua sponte* and order a repleader.").  Indeed, in this case, it is in the best interest of both parties that the Court do so.  *Id.* at 1129-30 ("Unless the court requires a repleader – under Rule 12(e) or on its own initiative – a shotgun complaint leads to a shotgun answer," and  "[l]itigating a case framed by shotgun pleadings obviously harms one or both of the parties.")

discrimination in the employment and housing contexts. Finally, to the extent Plaintiff wishes to maintain his claims in his Sixth Cause of Action ("Unlawful Retaliation, Intimidation, Dereliction of Duties, Exhaustion of Administrative Remedies"), he must separate those claims into separate causes of action and provide the specific legal or factual bases for those claims.

In addition, if Plaintiff wants to add Officer Dickens or any other individual or entity as a new defendant in the amended complaint, *see infra* n. 1, the same guidelines apply to any causes of action Plaintiff alleges against any new defendant. Further, Plaintiff is cautioned to examine whether the joinder of a new defendant is consistent with Rule 20 of the Federal Rule of Civil Procedure.

<u>Failure to comply with these directions will provide substantial grounds for Defendants to seek dismissal of any non-conforming claims</u>.

## III.  CONCLUSION

The Court hereby **ORDERS** the following:

1.  Defendants' motion to strike Plaintiff's Complaint is **DENIED**.

2.  Plaintiff is **ORDERED** to file an amended complaint consistent with the Court's directions in this order. <u>Failure by Plaintiff to comply with these directions will provide substantial grounds for Defendants to seek dismissal of any non-conforming claims</u>. Plaintiff must file the amended complaint within twenty (20) days of the date he receives notice of this order, and Defendants shall have ten (10) days to file a responsive pleading. Defendants' time to file any other responsive pleading in this matter will not begin to run until Plaintiff files his amended complaint.

**IT IS SO ORDERED.**

s/Kathleen M. O'Malley
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated**: July 13, 2006

4