UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **KENNETH S. TAYLOR,** | : | Case No. 1:05cv2983 |
| **Plaintiff,** | : | **JUDGE KATHLEEN O'MALLEY** |
| v. | : | |
| **CITY OF CLEVELAND, et al.,** | : | **ORDER** |
| **Defendants.** | : | |

Pending before the Court is *Defendants' Motion to Strike Certain Matters Violating the Court's Earlier Order Allowing the Filing of an Amended Complaint* (Doc. 13), in which Defendants City of Cleveland ("City") and Alvin White ask the Court to strike allegations contained in Plaintiff's First Amended Complaint (Doc. 12). This is Defendants' second motion to strike certain of Plaintiff's allegations. On July 13, 2006, the Court issued an order (Doc. 10) in response to Defendants' first motion to strike, in which it ordered Plaintiff to file an amended complaint that clarifies his causes of action, removes allegations of improper conduct by individuals not named as defendants, and avoids abusive language, invective, or hyperbole. Thereafter, Plaintiff filed his First Amended Complaint, which also includes claims against a second individual defendant, Cleveland Police Officer Daniel Dickens. Defendants then filed the present motion, which the Court **GRANTS in part**, as outlined below.

1

Having reviewed the First Amended Complaint to determine its conformity with the Court's earlier order, and having considered the parties' arguments, the Court hereby **ORDERS THAT**:

(1) All claims against or references to Officer Daniel Dickens are stricken as unrelated to the principal cause of action.[1]

(2) Plaintiff's Eighth Cause of Action - Exhaustion of Administrative Remedies - is stricken because it fails to state a cognizable claim.

(3) All references to alleged improper conduct by the City Prosecutor or Cleveland Law Department are stricken as impertinent, unnecessary, and scandalous.

(4) While the Court finds other allegations to be unduly argumentative, the Court will not use a motion to strike, especially one that only generally identifies the alleged deficiencies or improprieties in the complaint, as a vehicle to further clarify the pleadings in this case. The Court, therefore, does not strike other portions of Plaintiff's First Amended Complaint. In addition, although the causes of action in the First Amended Complaint contain some superfluous and irrelevant supporting facts, they are sufficiently delineated and supported to permit Defendants to form a responsive pleading. Defendants, therefore, are **ORDERED** to respond to Plaintiff's First Amended Complaint, as modified by this order, within ten (10) days of the date of this order.

The Court will set a Case Management Conference in this matter in a separate order.

**IT IS SO ORDERED.**

s/Kathleen M. O'Malley
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated**: October 10, 2006

---

[1] Likewise, Plaintiff's *Motion to Add Permissive Joinder* (Doc. 11), in which Plaintiff seeks to add Officer Dickens as a defendant in this case, is hereby **DENIED**. The claims against Officer Dickens are unrelated to the original claims in this action and must be asserted, if at all, as separate causes of action in a separate complaint.